UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| JEFFERY B. WILLIAMS, | Case No. 3:22-cv-01502-AA |
| Plaintiff, | ORDER |
| v. | |
| MEDICAL STAFF; DEPUTY FRANK, | |
| Defendants. | |

AIKEN, District Judge.

Plaintiff, a pretrial detainee at the Multnomah County Inverness Jail, filed this action pursuant to 42 U.S.C. § 1983 and alleged violations of his rights under the Fourteenth Amendment. *See Pierce v. Cty. of Orange*, 526 F.3d 1190, 1205 (9th Cir. 2008) (explaining that, under the Fourteenth Amendment's Due Process Clause, pretrial detainees have a right against jail conditions that "amount to punishment"). Specifically, plaintiff alleges that Deputy Frank disclosed the nature of his charges and his mental health history to other inmates, which violated

1 - ORDER

his privacy rights and placed him at risk of harm. Plaintiff's allegations fail to state a viable claim for relief under § 1983 and he must amend his Complaint to proceed with this action.

This Court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Dismissal of a pro se complaint for failure to state a claim "is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). The Court must construe pro se pleadings liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). "Unless it is absolutely clear that no amendment can cure" defects in the complaint, "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Plaintiff first alleges that the disclosure of his mental health history violated his rights under the Health Insurance Portability and Accountability Act of 1996, otherwise known as HIPAA. *See Ramsey v. Siskiyou Hospital*, 2016 WL 3197557, at *2 (E.D. Cal. June 9, 2016) ("HIPAA generally prohibits certain medical care providers, or 'covered entities,' from disclosing a patient's protected health information beyond what is necessary to provide care for the individual."). However, plaintiff cannot state a claim for relief because "HIPAA itself provides no private right of action." *Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1081 (9th Cir. 2007).

2 - ORDER

Construing his Complaint liberally, plaintiff also alleges that Deputy Frank failed to protect him from harm by disclosing his information to other inmates. Plaintiff does not allege facts suggesting that he was actually harmed or threatened by other inmates as a result of Deputy Frank's disclosure, or that Deputy Frank should have known that her disclosure subjected him to potential harm.

For these reasons, plaintiff fails to allege a claim under § 1983. At this stage of the proceedings, I cannot find that amendment would be futile. To proceed with this action, plaintiff must file an Amended Complaint indicating: (1) the constitutional right plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual caused the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct.

## CONCLUSION

Plaintiff fails to state a claim under § 1983 and his claims are DISMISSED. Within thirty days from the date of this Order, plaintiff shall file an Amended Complaint curing the deficiencies noted above. Plaintiff is advised that the failure to do so will result in the dismissal of this proceeding, with prejudice.

IT IS SO ORDERED.

DATED this 22nd day of November, 2022.

                         /s/ Ann Aiken
                         ANN AIKEN
                 United States District Judge